E. Lee Schlender, ISBN 1171
2700 Holly Lynn Drive
Mountain Home, ID 83647
T:(208) 587-1999
F:(208) 587-3535
E: leeschlender@gmail.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.V., a minor<br><br>     Plaintiff<br><br>     v.<br><br>KUNA SCHOOL DISTRICT, A PUBLIC CORPORATION<br><br>     Defendant. | Case No. _____<br><br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**(This version not sealed; docketed in ECF )** |

### SUMMARY ABSTRACT

COMES NOW, Plaintiff, J.V., a minor, by and through his attorney E. Lee Schlender and brings this action against this Defendant alleging that:

Defendant was deliberately indifferent to an employee-on student sexual assault on and off school premises of a mentally impaired child. Defendant's failure to investigate and respond to the grooming of the child by Melissa Whiteley an employee resulted in a several year sexual affair while Plaintiff was in the seventh, eighth and ninth grades, denying him a normal

childhood and educational development.  This Violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); the protection of the Fourteenth Amendment to the U.S. Constitution and statutes listed herein under the section entitled "**APPLICABLE FEDERAL AND STATE LAW**".

## I.   JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides district courts jurisdiction over all civil actions arising under the Constitution and laws of the United States.

2.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

3.     Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4.     This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b); the Defendant resides and is a citizen of this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## II.   PARTIES

6.     Plaintiff is a male and was a minor at all times relevant. While attending the Kuna schools, the Plaintiff was assigned staff to assist him in his grade and high school classes through a program known as Individualized Education Program or "IEP" which is funded in whole or in part, by the federal government and administered by the State of Idaho, pursuant to 20 U.S.C. §1401(14).

7.     Plaintiff, from the first grade to present, was and is considered to have a mental

learning disorder sufficient for eligibility for federally financed programs for disabled and/or mentally challenged students needing specialized assistance to attend a standard school such as the Kuna School District.

8.      At all times Plaintiff was a resident and a citizen of Ada County, living in the city of Kuna, State of Idaho.

9.      At the times of events described herein, Plaintiff was a student attending middle school and high school within the Kuna School District ("District").

10.     The Defendant, District, is a public educational institution and political corporation doing business in the County of Ada, State of Idaho.

11.     Melissa Whiteley an adult female was a district middle school employee and office staff member residing in Ada County.  The entire office staff including the principal had actual knowledge from observation and discussion of Whiteley grooming Plaintiff with sexual contact in 2015, 2016 and 2017.  Whiteley acted under the color of law and she along with other supervisory personal with desks in the common staff areas had authority to take corrective action and had actual notice of wrong doing under 42 USC §1983, and yet all including Whiteley, were deliberately indifferent to the wrong doing.  Whiteley groomed Plaintiff, a minor, for her sexual gratification using her position of power do to so while he was in middle school and thereafter high school.

12.     The District was and is responsible for all conduct of its agents and employees with respect to the attendance of Plaintiff at school in the District.  The District had a duty not to expose an impaired child to dangers that they otherwise would not have faced.

## III.     APPLICABLE FEDERAL AND STATE LAW

13.     All claims of liability and damages are recognized in codified state and federal statutes applicable to all citizens and residents of the State of Idaho, including Plaintiff, with respect to the causes of action for relief as stated herein.  Pertinent laws of the State of Idaho and the United States are included and referenced in the following statutes and constitutional provisions:

   A.     I.C. §18-8301 et seq.
   B.     I.C. Title 16, Chapter 16 and I.D.A.P.A. 08.02.03.160
   C.     I.C. § 18-917 et seq. including but not limited to §18-917A;
   D.     I.C. §67-5909 et seq and I.D.A.P.A. 08.02.03.160

PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 3

E.   I.C. §18-917A

F.   20 U.S.C. §1681 et seq. Title IX of the Educational Amendments, I.D.A.P.A. 08.02.03.160

G.   I.C. §16-1619.

H.   Title VII of the Civil Rights Act of 1964, 65, 42 U.S.C. 200E-2(a);

I.   Title VI of the Civil Rights Act of 1964

J.   §1981 of the Civil Rights Act of 1866 and 1871; 42 U.S.C. §1981.

K.   Americans With Disabilities Act; 42 USC § 12101.

L.   Civil Rights Act of 1871, 42 U.S.C. §1983

M.   I.C. §33-512(4)

N.   I.C. §18-1501

O.   All applicable provisions of the Civil Rights Acts of the State of Idaho and the United States of America, including those as stated in §1983 of the 1871 Civil Rights Act.

P.   14th Amendment of the United States Constitution for deprivation of property and life without due process of law.

Q.   Implied deliberate indifference to a known duty under Title IV of the Safe and Drug Free Schools Act and related statutory and Constitutional provisions of the United States and the State of Idaho.

R.   Title IX of the Education Amendments of the 1972 (Title IX, 20 U.S.C. §1681 et seq.)

S.   Title II of the Americans With Disabilities Act

T.   Public Law 114-95-December 10, 2015.

U.   Each and every law, codes or statutes of the State of Idaho and/or the United States of America as cited and set forth in this complaint, including those referenced in every other title, cause of action or count of this complaint.

## IV.   FOUNDATIONAL FACTS

14.   The betrayal of Plaintiff started in 2015 while he was a student at Kuna Middle School. Whiteley began grooming J.V. for sexual contact; they eventually had sexual intercourse while J.V. was a student.

15.   Factual circumstances establishing that the district by and through its employees had personal knowledge of Whiteley grooming J.V. for sexual contact included:

(a)   Whiteley had a desk and offices in a common main area of the Kuna Middle School, with adjacent offices with windows for various senior members of the administrative staff including the superintendent and principal.

(b)   Innumerable times J.V. would come into the common office area with

**PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 4**

desks for the principal, superintendent and the Dean of Students. He had no educational reason to loiter at Whiteley's desk. They would share intimate, whispered conversations with occasional physical contact. At various times one or more of the staff in the office area made comments to J.V. such as "she is way too old for you" and to Whiteley and J.V.; "you two shouldn't be flirting so much here in the office".

(c)     At least one school district teacher who had J.V. in a class was aware he would leave her classroom for the known reason of going to the common office and fraternize with Whiteley. It was known in the school that Whiteley and J.V. were intimate by reason of their aberrant behavior; the Defendant, its employees, administrators and personnel disregarded the public, obvious and glaring red flags that Whiteley could be or was a sexual predator; they allowed the constant contact in the office complex without voicing disapproval and to the contrary, making coy chiding remarks.

(d)     During 2015, 2016 and thereafter in 2017 when J.V. moved to the high school Whiteley continued grooming J.V. with telephone text messages and nude photos.

(e)     District employees should have exercised their authority under established policies and procedures to intervene and stop Whiteley's manipulation and grooming which took root and flourished. They were in charge of protecting Plaintiff and ignored the standard of care required by knowing and allowing the close and intimate conduct. Had proper investigation and reporting taken place both as regular employees and as per Title IX mandates, Plaintiff would not have been subjected to Whiteley's manipulation and ultimate sexual relationship. The Defendant owed Plaintiff a duty to protect him and ensure that he was properly treated and educated.

(f)     It was not until Whiteley, by phone texting and coming to J.V.'s home in her automobile to pick him up at night that J.V.'s mother became aware and alarmed; by discussions with J.V. as well as with Whiteley, she gained sufficient knowledge of the sexual relationship to notify the Ada County Sheriff's office which commenced an investigation during the first week of November 2017 and took J.V.'s phone as well as other items including a recording that J.V.'s mother had made of a conversation between herself and Whiteley.

(g)     Only after being prompted by the investigation by the Sheriff's office did

school officials commence and investigation of their own. They then terminated Whiteley from employment but it was three years too late.

(h)     J.V.'s family is still learning about and uncovering the extent of the relationship, understanding the traumatic bonds that sexual abuse creates, especially between a minor teenager and an adult employee of the school district.

(i)     The Defendant, acting or failing to act through its agents and employees, manifested deliberate indifference and reckless disregard to Plaintiff's statutory and constitutional rights.

## V.     CAUSES OF ACTION

### COUNT I
### VIOLATION OF CIVIL RIGHTS
### BY KUNA SCHOOL DISTRICT
### (42 USC § 1983)

16.     Based on the foregoing statements, Defendant Kuna School District is liable for compensatory and punitive damages for their creation of the actual, particularized danger that Plaintiff, J.V. would be sexually groomed and assaulted, done deliberately or with deliberate indifference toward his safety and well-being in conduct that shocks the conscious.  Such conduct includes Whiteley's intentional sexual battery and Defendant's failure to protect Plaintiff from the sexual abuse and exploitation while he was attending school.  The grooming was so intentional, open and obvious that an immediate investigation should have been undertaken; proper reporting should have been done to state and other authorities; and, Whiteley should have been terminated and removed from all school property.  That did not happen. The acts and failure to act were a violation of the Equal Protection Clause/Equal Educational Opportunities Act of 1974; Violation of Title IX of the Education Amendments of the 1972 (Title IX, 20 U.S.C. §1681 et seq.); Violation of Section 504 of the Rehabilitation Act of 1973 as amended.

### COUNT II
### DENIAL OF EQUAL PROTECTION (42 U.S.C. SEC.1983)
### INDIVIDUAL AND *MONELL* LIABILITY; VIOLATION
### OF TITLE IX OF THE EDUCATION AMENDMENTS OF THE
### 1972 TITLE IX, 20 U.S.C. §1681 ET SEQ.) BY SEXUAL ASSAULT

17.     The Defendant violated the Equal Protection Clause and the Due Process Clause of the 14th Amendment of the United States Constitution in their deliberate indifference to the

treatment of the Plaintiff by Whiteley.

18.     The Plaintiff's mental and learning disability was known to the Defendant and he constituted an identifiable class of such persons. The District received federal funds to help protect Plaintiff.   The District, its agents and employees in their individual and representative capacities, acted with deliberate indifference to the humiliation, mental and physical abuse and mistreatment of the Plaintiff and caused him to be sexually abused.   The District deprived the Plaintiff of his liberty and property interests under the Due Process Clause of the United States Constitution and the District's response to the sexual abuse shocks the conscious and tramples on the Plaintiff's rights that are implicit in the concept of ordered liberty.

19.     The deliberate indifference and negligent actions of these Defendants exposed the Plaintiff to harm from Whiteley on school property and while attending and participating in official school activities.   At all times before, during and after these events, the Defendant was acting under color of state law.

20.     The Defendant had policy-making authority and by not acting to protect the Plaintiff they permitted, endorsed and ratified the sexual grooming and assault on Plaintiff.

21.     The Defendant's failed to adequately train employees to recognize, anticipate and prevent sexual abuse and deprivation of rights suffered by the Plaintiff and they were deliberately indifferent to the obvious consequences of failure to train employees and educate students adequately thereby depriving the Plaintiff of his rights.

22.     As a result of the actions and omissions of the Defendants herein the Plaintiff has suffered damages in an amount to be proved at trial.

23.     Based on the paragraphs set forth and alleged above, the District is liable for compensatory and punitive damages for its actions in failing to promulgate, issue, and enforce appropriate procedures and policies, including but not limited to (1) the reporting of known or suspected sexual abuse of Plaintiff, (2) the safe education of its students that was free from sexual abuse and exploitation, and (3) the reporting of a known sexual predator who preyed on young male students, the failure of which was done in deliberate indifference to Plaintiff and other students' wellbeing and safety, as well as for its actions in failing to adequately train, monitor, or supervise its administrators, staff, and teachers to ensure the safety of students free from sexual exploitation, including Plaintiff, all in violation of the Ninth and Fourteenth Amendments and 42 USC § 1983.

**PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 7**

## COUNT III
## VIOLATION OF TITLE IX
## (20 U.S.C. § 1681, *et seq.*)

24.     Based on the paragraphs set forth and alleged above, the District is liable for compensatory and punitive damages for its actions in creating and/or subjugating Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), when the District and its officials had actual knowledge of the sexual assaults by Whiteley created by its failure to supervise Whiteley and to protect the children when the District and its officials knew or should have known that Whiteley was a sexual predator who preyed on young male students.  The District and its officials failed to take immediate, effective remedial steps to prevent the sexual abuse and instead acted with deliberate indifference toward Plaintiff and other similarly situated students, the result of which was a violation of Title IX.

## COUNT IV
## CONCEALMENT BY THE DISTRICT
## (FEDERAL COMMON LAW)

25.     Based on the paragraphs set forth and alleged above, the Defendant had a special relationship with Plaintiff and his parents; they concealed material facts in bad faith that the minor child had a legal claim against Defendant for the harm he suffered, including but not limited to claims under 42 U.S.C. § 1983 and 20 U.S.C. § 1681, *et seq.*

## VI.    RESERVATION OF RIGHTS

26.     Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

## VII.    JURY DEMAND

27.     Under the Federal Rules of Civil Procedure, Plaintiff demands that this action be tried before a jury.

## VIII.    PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A.     That the Court award Plaintiff appropriate relief, to include all special and general damages established at trial in a sum not less than two million dollars;

B.      That the Court impose punitive damages under any provision of law under which punitive damages may be imposed;

C.      That the Court award costs, reasonable attorneys' fees, and statutory interest under any applicable law or ground in equity, including 42 U.S.C. § 1988 and all other applicable bases for an award of attorneys' fees and litigation costs;

D.      That the Court award pre-judgment interest on items of special damages;

E.      That the Court award post-judgment interest;

F.      That the Court award Plaintiff such other, favorable relief as may be available and appropriate under law or at equity.

RESPECTFULLY SUBMITTED ON THE ___ DAY OF JANUARY 2017.

E. Lee Schlender,
Attorney for Plaintiff J.V.

PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL- 9