Brian K. Julian – ISB No. 2360
Bret A. Walther – ISB No. 4721
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:   (208) 344-5510
E-Mail:      bjulian@ajhlaw.com
             bwalther@ajhlaw.com

Attorneys for Defendant Kuna School District

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J.V., a minor,<br><br>                    Plaintiff,<br><br>vs.<br><br>KUNA SCHOOL DISTRICT, A PUBLIC CORPORATION,<br><br>                    Defendant. | Case No.  1:18-cv-00009-BLW<br><br>ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMES NOW** the above-entitled Defendant Kuna Joint School District No. 3, by and through its counsel of record, Anderson Julian & Hull LLP, and answers Plaintiff's Complaint for Damages and Demand for Jury Trial (Dkt. 2) ("Complaint") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SUMMARY ABSTRACT

1.  With respect to the allegations contained in the Summary Abstract of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1

### I. JURISDICTION AND VENUE

2.      With respect to the allegations contained in Paragraphs 1, 2, 3, 4, and 5 of Plaintiff's Complaint, Defendant admits only that jurisdiction and venue are proper in this Court. To the extent factual allegations are alleged or implied, all such allegations are denied.

### II. PARTIES

3.      With respect to the allegations contained in Paragraph 6 of the Complaint, Defendant admits that Plaintiff was a male minor at all times relevant herein, and that while attending Kuna Middle School, Plaintiff had an Individualized Education Program "IEP," which program complied with applicable federal law. To the extent Paragraph 6 is inconsistent with the above admissions, all such allegations are denied.

4.      With respect to the allegations contained in Paragraph 7 of the Complaint, Defendant admits that Plaintiff qualified for and was provided an IEP to assist him with his education. To the extend Paragraph 7 is inconsistent with the above admission, all such allegations are denied.

5.      With respect to the allegations contained in Paragraphs 8, 9 and 10 of the Complaint, Defendant admits the allegations contained therein.

6.      With respect to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that Melissa Whiteley is an adult female, was employed as an office staff member, and that her employment occurred in Ada County. Defendant denies each and every remaining allegation contained therein.

7.      With respect to the allegations contained in Paragraph 12 of the Complaint, only legal conclusions are asserted therein to which a response is not required. To the extent factual allegations are asserted or implied, all such allegations are denied.

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 2

### III.   APPLICABLE FEDERAL AND STATE LAW

8.   With respect to the allegations contained in Paragraph 13 of the Complaint, only legal conclusions are asserted therein to which a response is not required. To the extent factual allegations are asserted or implied, all such allegations are denied.

### IV.   FOUNDATIONAL FACTS

9.   With respect to the allegations contained in Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

10.   With respect to the allegations contained in Paragraph 15 of the Complaint, Defendant denies that the District or its employees had personal knowledge of Whiteley allegedly grooming JV for sexual contact.

11.   With respect to the allegations contained in Paragraph 15(a) of the Complaint, Defendant admits that Whiteley had a desk in the common area of the Kuna Middle School offices, and that the private offices that were provided for the middle school administrators looked into the common area where Whitley worked. Defendant denies the Superintendent had an office at Kuna Middle School.

12.   With respect to the allegations contained in Paragraph 15(b) of the Complaint, Defendant admits that J.V., as well as several other middle school students, would visit the offices and speak with Melissa Whiteley who was known as a friendly and supportive member of the office staff. Defendant denies each and every remaining allegation contained therein.

13.   With respect to the allegations contained in Paragraph 15(c) of the Complaint, Defendant admits that Plaintiff would go to the administration offices to visit with Melissa

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 3

Whiteley and other members of the office staff. Defendant denies the remaining allegation contained therein.

14. With respect to the allegations contained in Paragraph 15(d) of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

15. With respect to the allegations contained in Paragraph 15(e) of the Complaint, only legal conclusions are asserted therein to which a response is not required. To the extent factual allegations are asserted or implied, all such allegations are denied.

16. With respect to the allegations contained in Paragraph 15(f) of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

17. With respect to the allegations contained in Paragraph 15(g) of the Complaint, Defendant admits it terminated Whiteley's employment. Defendant denies the remaining allegations contained therein.

18. With respect to the allegations contained in Paragraph 15(h) of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

19. With respect to the allegations contained in Paragraph 15(i) of the Complaint, only legal conclusions are asserted therein to which a response is not required. To the extent factual allegations are asserted or implied, all such allegations are denied.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF CIVIL RIGHTS
### BY KUNA SCHOOL DISTRICT
### (42 USC § 1983)

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 4

20. With respect to the allegations contained in Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

### COUNT II
### DENIAL OF EQUAL PROTECTION (42 U.S.C. SEC. 1983) INDIVIDUAL AND *MONELL* LIABILITY; VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF THE 1972 TITLE IX, 20 U.S.C. § 1681 ET SEQ.) (sic) BY SEXUAL ASSAULT

21. With respect to the allegations contained in Paragraph 15(i) of the Complaint, only legal conclusions are asserted therein to which a response is not required. To the extent factual allegations are asserted or implied, all such allegations are denied.

22. With respect to the allegations contained in Paragraph 18 of the Complaint, Defendant admits only that Plaintiff was placed on an appropriate IEP in accordance with applicable law; and that the District received federal funds to assist with the implementation of various assistance programs at the District. Defendant denies the remaining allegations contained therein.

23. With respect to the allegations contained in Paragraphs 19, 20, 21, 22 and 23 of the Complaint, Defendant denies the allegations contained therein.

### COUNT III
### VIOLATION OF TITLE IX
### (20 U.S.C. § 1681, *et seq.*)

24. With respect to the allegations contained in Paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

### COUNT IV
### CONCEALMENT BY THE DISTRICT
### (FEDERAL COMMON LAW)

25. With respect to the allegations contained in Paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

## VI.  RESERVATION OF RIGHTS

26. With respect to the allegations contained in Paragraph 26 of the Complaint, no allegations pertaining to Defendant are asserted, and a response is therefore not required.

## VII.  JURY DEMAND

27. With respect to the allegations contained in Paragraph 27 of the Complaint, Defendant admits that Plaintiff has demanded a jury trial.

## VIII.  PRAYER FOR RELIEF

28. With respect to the claims set forth in Plaintiff's Prayer for Relief, Defendant denies each and every allegation and claim set forth therein.

## SECOND DEFENSE

Plaintiff has failed to establish a *prime facie* case supporting his claims as required by law.

## THIRD DEFENSE

The damages prayed for in Plaintiff's Complaint and the causes of action against Defendant arise out of, and stem from, activities addressed by Title 6, Chapter 9 of the Idaho Code, by virtue of which Plaintiff's causes of action and damages alleged, in whole or in part are barred by its provisions, including claims of the negligent exercise of discretionary acts; and the failure to satisfy the mandatory requirements to file a tort claim against this governmental entity.

## FOURTH DEFENSE

Defendant reserves the right to assert any additional defenses or matters in avoidance that may be disclosed in the course of additional investigation and discovery.

## FIFTH DEFENSE

As to the allegations of a violation of 42 U.S.C. § 1983, Defendant asserts there existed no unconstitutional policy, custom or usage proximately causing Plaintiff's alleged damages, if any.

## SIXTH DEFENSE

Plaintiff has failed to exhaust administrative remedies required to maintain Plaintiff's claims brought pursuant to alleged violations of § 504 of the Rehabilitation Act of 1973, 29 USC § 701, et seq.; the Individuals with Disabilities Education Act, 20 USC § 1415(l) ("IDEA"); and/or the Americans with Disabilities Act 42 USC § 12101, et seq. ("ADA").

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Dist. Idaho Loc. Civ. R. 38.1, Defendant hereby demands a trial by jury as to all issues so triable in this matter.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That the Complaint and Demand for Jury Trial be dismissed with prejudice and that Plaintiff takes nothing thereby;

2. For judgment against Plaintiff and in favor of Defendant for costs and attorney fees incurred in the defense of this matter; and,

3. For such other and further relief as this Court may deem just and proper under the circumstances.

DATED this 29 day of January, 2018.

ANDERSON, JULIAN & HULL LLP

By _____
Brian K. Julian, Of the Firm
Attorneys for Kuna School District

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 7

CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 29 day of January, 2018, I served a true and correct copy of the foregoing ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| E. Lee Schlender<br>SCHLENDER LAW OFFICES<br>2700 Holly Lynn Drive<br>Mountain Home, ID 83647<br>Tel: 208-587-1999<br>Fax: 208-587-3535<br>*leeschlender@gmail.com* | [ ] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[ ] E-mail<br>[✓] ECF |

f.r: Brian K. Julian

ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 8